DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas.
 {¶ 2} In 1993, appellant, Edward Lee Kirkwood, pled guilty to one count of aggravated burglary and was sentenced to an indefinite term of 5 to 25 years in prison. This case shall hereinafter be referred to as CR93-6880. In 1995, appellant filed a motion to suspend the remainder of this sentence. That motion was denied; however, in 1997, appellant was paroled.
 {¶ 3} In January 1998, the Lucas County Grand Jury indicted appellant on one count of aggravated robbery and one count of aggravated burglary, both felonies of the first degree. After a jury trial, appellant was found guilty on both counts, and sentenced to nine years in prison for each conviction, with the sentences to be served consecutively. Appellant appealed this case, hereinafter denominated as CR98-1614, and we affirmed his conviction and sentence. See State v. Kirkwood (July 16, 1999), L-98-1381.
 {¶ 4} Subsequently, the following motions were filed, pro se, by appellant in CR98-1614. On November 28, 2000, appellant filed his first motion to modify his sentence, pursuant to R.C.2929.51. On January 8, 2001, the Honorable Robert Christiansen denied this motion. Appellant filed his second motion to modify his sentence, again pursuant to R.C. 2929.51, on June 6, 2001. On August 3, 2001, Judge Christiansen denied this motion. On June 14, 2004, appellant filed his third motion to modify his sentence. Appellee, the state of Ohio filed an entry of appearance in CR98-1614 on June 18, 2004. Judge Christiansen denied appellant's third motion for modification of his sentence in a judgment journalized on June 26, 2004. Appellant was served with notice of the trial court's decision by the Clerk of the Lucas County Court of Common Pleas on June 27, 2004.
 {¶ 5} When, on June 14, 2004, appellant filed the motion to modify his sentence in CR98-1614, he also filed an identical pro se motion to modify his sentence in CR93-6880. Nevertheless, the two cases were never consolidated in the trial court, and a different judge, the Honorable Charles S. Wittenberg was assigned to CR93-6880. The state of Ohio also filed its entry of appearance in CR93-6880 on June 18, 2004.
 {¶ 6} Thereafter, the state of Ohio filed a number of motions for an extension of time in both CR93-6880 and CR98-1614. Despite the fact that Judge Christiansen had already denied appellant's motion for the modification of appellant's sentence in CR98-1614, Judge Wittenberg granted these requests for extensions in both cases until December 7, 2004, when he noted that "The court will not grant any further extensions in this matter."
 {¶ 7} On December 4, 2004, the state filed, in CR93-6880 only, a memorandum in opposition to appellant's June 14, 2004 motion to modify his sentence. In its memorandum, the state observed that Judge Christiansen had already denied appellant's motion to modify his sentence in CR98-1614 and addressed its arguments to only CR93-6880. After allowing appellant to file a reply in both CR936-880 and CR98-1614, Judge Wittenberg, on May 13, 2005, filed a judgment entry denying appellant's motion to modify his sentence in CR93-6880. There is no copy of a similar judgment in the file of CR98-1614, and the judgment attached to appellant's notice of appeal from the denial of his motion for modification of his sentence in CR98-1614 is a copy of the judgment rendered by Judge Wittenberg in CR93-6880.
 {¶ 8} Subsequent to the filing of individual notices of appeal in CR936-880 and CR98-1614, this court, sua sponte, consolidated the two appeals. In his pro se brief, appellant asserts two assignments of error; nevertheless, for the following reasons, we need not address these assignments of error.
 {¶ 9} A party is required to file a notice of appeal "within thirty days of the * * * judgment or order appealed * * *." App.R. 4(A). In CR98-1614, appellant's motion to modify his sentence was denied and journalized on June 26, 2004. The docket of this cause establishes that notice of this judgment was served on July 27, 2004. Thus, appellant was required to file a notice of appeal from that judgment within, at the latest, 30 days of June 27, 2004. He did not file his notice of appeal until June 10, 2005. Therefore, appellant's appeal in CR98-1614 was untimely, and we lack the jurisdiction to entertain his assignments of error as they relate to the appeal of the judgment in that case. Consequently, appellant's appeal as it concerns CR98-1614 is dismissed for lack of jurisdiction.
 {¶ 10} Appellant's notice of appeal of the denial of his motion to modify his sentence in CR93-6880 was timely. Nevertheless, we shall not consider his assignments of error as they relate to that case because any question related to the sentence imposed as a result of appellant's conviction in the 1993 is moot. Specifically, it is the duty of this court, as of every other judicial tribunal, to "`decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."' BECDIR Construction Co. v.Proctor (2001), 144 Ohio App.3d 389, 393, quoting State ex rel.Eliza Jennings, Inc. v. Noble (1990), 49 Ohio St.3d 71, 74. As applied to CR93-6880, appellant was paroled in 1997 and, therefore, any decision that we might make concerning the trial court's denial of appellant's motion to modify the sentence imposed in 1993 could not affect that issue. In other words, our opinion would be upon an abstract question. Therefore, appellant's appeal as it pertains to CR93-6880 is dismissed as moot.
 {¶ 11} Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
APPEAL DISMISSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Skow, J., Concur.